IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK06-81566 |
| | ) | |
| D & S REALTY, INC., | ) | CH. 11 |
| | ) | |
| Debtor(s). | ) | |

## ORDER

Hearing was held in Omaha, Nebraska, on October 23, 2006, regarding Filing No. 11, Motion for Relief from Stay, filed by H. Michael Cutler, and Filing No. 21, Objection, filed by Debtor. Robert Ginn appeared for the debtor; Theodore R. Boecker, Jr., appeared for H. Michael Cutler; and Don Swanson appeared for Wasatch Advantage Group, L.L.C.

H. Michael Cutler ("Cutler") has filed a "Motion to Lift Automatic Stay and/or In the Alternative to Clarify Effect of Automatic Stay," Filing No. 11. Cutler is a judgment creditor of debtor by virtue of two separate judgments which are final orders of the Douglas County, Nebraska, District Court. With interest, the combined judgments in favor of Cutler total approximately $430,000.

Long before the bankruptcy petition was filed, debtor transferred most of its real estate assets, including property known as the South Tower and a parking lot, to a related entity, MRG - Metro Realty Group, L.L.C. Debtor kept property known as the North Tower. In September of 2005, Cutler purchased the North Tower at a sheriff's sale. Confirmation of that sale awaits action by the Douglas County District Court.

In litigation separate from that involving the North Tower, Judge Lamberty of the Douglas County District Court determined that the transfers of the properties from debtor to MRG-Metro Realty Group, L.L.C. were fraudulent transfers under the Nebraska Uniform Fraudulent Transfer Act, Neb. Rev. Stat. § 36-701 *et. seq.* The transfers were avoided to the extent necessary to satisfy the judgments of Cutler.

The debtor claims that the avoidance of the transfers by Judge Lamberty returned the property or properties to the debtor and the debtor has the right to use the properties in an attempt to reorganize its financial circumstances. Cutler claims that under Nebraska law, the determination that transfers were fraudulent as to particular creditors does not result in a return of the transferred property to the transferor, but rather such determination simply gives Cutler the right to execute upon the property in the hands of the transferee. Under Cutler's theory, the properties, although now listed on the schedules filed by the debtor, remain property of the transferee MRG - Metro Realty Group, L.L.C., and are not protected by the automatic stay in the debtor's case.

Cutler has correctly stated Nebraska law on the subject. The Nebraska version of the Uniform Fraudulent Transfer Act provides that a creditor can obtain avoidance of the transfer "to the extent necessary to satisfy the creditor's claim." Neb. Rev. Stat. § 36-708(a)(1). The Act specifically provides that unless expressly displaced, all provisions of common law remain in effect. Neb. Rev. Stat. § 36-711. Case law from the Nebraska Supreme Court prior to the adoption of the Act provides that title to property remains vested in the transferee even if the transfer of the property

is voided as fraudulent. U.S. Nat'l Bank of Omaha v. Rupe, 296 N.W.2d 474 (Neb. 1980) and Filley v. Mancuso, 5 N.W.2d 91 (Neb. 1942).  Those cases relied upon Martin v. Shears, 110 N.W. 1010 (Neb. 1907), in which the court announced that a mortgage instrument was "void as against creditors" but valid between the parties.  Id. at 1011.

Federal cases interpreting Nebraska law are consistent with the cited Nebraska Supreme Court cases.  See Giove v. Stanko, 49 F.3d 1338 (8th Cir. 1995) and In re Bicknell, 48 F. Supp. 895, 897 (D. Neb. 1943).

I find that the property transferred by the debtor which was the subject of the fraudulent transfer litigation is not property of the debtor's bankruptcy estate.  Cutler, without any constraint created by the automatic stay of 11 U.S.C. § 362(a) in the debtor's estate, is free to proceed in state court to use the judgment or judgments he holds against the debtor to execute on the property now in the name of the transferee.  The same is true concerning Cutler's ability to use his judgments against the debtor to execute on the parking lot.  Cutler is free from any constraint of the automatic stay to execute upon or garnish the bank accounts and rental payments being made by the present tenants of the parking lot and the South Tower to MRG - Metro Realty Group, L.L.C.

The debtor does still have some interest in the North Tower, but only because the sheriff's sale to Cutler has not yet been confirmed. It is clear from the evidence, now including the schedules, that debtor has no equity in the North Tower, has no revenues and no other assets. The North Tower is not necessary for a reorganization because a reorganization is not possible. Cutler is granted relief from the automatic stay to seek to have Judge Lamberty confirm his purchase of the North Tower at the sheriff's sale held in September of 2005.

IT IS ORDERED: The motion by H. Michael Cutler to lift the automatic stay and/or to clarify the effect of the automatic stay (Fil. #11) is granted.

DATED this 3rd day of November, 2006.

BY THE COURT:

/s/ Timothy J. Mahoney
Chief Judge

Notice given by the Court to:
    Robert Ginn
    *Theodore R. Boecker, Jr.
    Don Swanson
    U.S. Trustee

Movant(*) is responsible for giving notice of this order to other parties if required by rule or statute.